UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUTUMN G., | CASE NO. 3:18-CV-05752-JLR-DWC |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | Noting Date: July 5, 2019 |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her application for supplemental security income ("SSI").

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in her assessment of the medical opinion evidence from Dr. David T. Morgan, Ph.D. Because the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the Commissioner's decision should be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

1                            <u>FACTUAL AND PROCEDURAL HISTORY</u>

2         On August 9, 2014, Plaintiff filed an application for SSI, alleging disability as of August

3 1, 2014. *See* Dkt. 12, Administrative Record ("AR") 16. The application was denied upon initial

4 administrative review and on reconsideration. *See* AR 16. ALJ Cynthia D. Rosa held a hearing

5 on February 15, 2017. AR 75-97. In a decision dated September 29, 2017, the ALJ determined

6 Plaintiff to be not disabled. AR 13-38. The Appeals Council denied Plaintiff's request for review

7 of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See*

8 AR 1-7; 20 C.F.R. § 416.1481.

9         In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to provide

10 specific, legitimate reasons to reject Dr. Morgan's opinion. Dkt. 14, pp. 3-9.

11                               <u>STANDARD OF REVIEW</u>

12         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

13 social security benefits if the ALJ's findings are based on legal error or not supported by

14 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

15 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

16                                   <u>DISCUSSION</u>

17     **I.**       **Whether the ALJ properly considered the medical opinion evidence.**

18         Plaintiff's sole argument is that the ALJ failed to properly consider Dr. Morgan's medical

19 opinion. Dkt. 14, pp. 3-9.

20         In assessing an acceptable medical source, an ALJ must provide "clear and convincing"

21 reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*

22 *v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.

23 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining

24

1    physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons

2    that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*

3    *v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

4    1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts

5    and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*

6    *v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th

7    Cir. 1989)).

8         Dr. Morgan completed a psychological/psychiatric evaluation of Plaintiff on January 26,

9    2016. AR 708-12. Dr. Morgan's evaluation included a clinical interview and mental status

10   examination of Plaintiff. *See* AR 708-12. Dr. Morgan diagnosed Plaintiff with panic disorder

11   without agoraphobia; major depressive disorder – recurrent, moderate severity; and borderline

12   personality disorder. AR 709. Dr. Morgan opined Plaintiff is moderately limited in her ability to

13   understand, remember, and persist in tasks by following detailed instructions. AR 710. Further,

14   Dr. Morgan rated Plaintiff as markedly limited in her ability to perform several areas of basic

15   work activities, such as in her ability to learn new tasks, perform routine tasks without special

16   supervision, and adapt to changes in a routine work setting. AR 710. Dr. Morgan found Plaintiff

17   markedly limited in her ability to perform activities within a schedule, maintain regular

18   attendance, and be punctual within customary tolerances without special supervision. AR 710.

19        Additionally, Dr. Morgan opined Plaintiff has marked limitations in her ability to make

20   simple work-related decisions, be aware of normal hazards and take appropriate precautions, ask

21   simple questions or request assistance, and communicate effectively in a work setting. AR 710.

22   Dr. Morgan found Plaintiff markedly impaired in her ability to maintain appropriate behavior in

23   a work setting and set realistic goals and plan independently. AR 710. Likewise, Dr. Morgan

24

1  determined Plaintiff is markedly impaired in her ability to complete a normal workday and

2  workweek without interruptions from psychologically basic symptoms. AR 710. Dr. Morgan

3  rated Plaintiff's overall severity as marked. AR 710.

4      When asked about the "[d]uration" of Plaintiff's impairments, Dr. Morgan wrote "6

5  months." AR 711. Further, in response to what "[a]dditional treatment" Dr. Morgan would

6  recommend, he wrote Plaintiff "could benefit from ongoing mental health treatment, where

7  counseling is probably going to be most effective in the long term in helping her manage her

8  emotional condition." AR 711.

9      The ALJ summarized Dr. Morgan's opinion and assigned it "little weight" for several

10  reasons. *See* AR 30. In part, the ALJ remarked: "Dr. Morgan stated these limitations would last

11  for six months, which is inconsistent with the [Social Security Administration ("SSA")]

12  requirement of impairments lasting for 12 months or more." AR 30. In the Social Security

13  context, a "disability" is an impairment "which has lasted or can be expected to last for a

14  continuous period of not less than 12 months." *See* 42 U.S.C. § 1382c(a)(3)(A); *see also*

15  *Barnhart v. Walton*, 535 U.S. 212, 217-222 (2002) (upholding the SSA's regulatory

16  interpretation of the Social Security Act's "disability" definition, which requires an

17  "impairment" and inability to engage in substantial gainful activity for "not less than 12

18  months").

19      Here, the ALJ discounted Dr. Morgan's opinion because the physician stated the

20  limitations would last for six months, which is "inconsistent" with the SSA's disability

21  requirements. *See* AR 30. The evaluation form Dr. Morgan completed defines "[d]uration" as the

22  "length of time the individual will be impaired with available treatment." AR 711. Dr. Morgan

23  wrote, as the ALJ found, Plaintiff's disability duration would be for six months. *See* AR 711.

24

1  Because a claimant must have an impairment "which has lasted or can be expected to last for a

2  continuous period of not less than 12 months" to be disabled, the Court finds this is a specific,

3  legitimate reason, supported by substantial evidence, to discount Dr. Morgan's opinion. *See* 42

4  U.S.C. § 1382c(a)(3)(A); *see also Barnhart*, 535 U.S. at 217-222; *Hicks v. Colvin*, 2017 WL

5  243354, at *6 (W.D. Wash. Jan. 20, 2017) (affirming an ALJ's decision to discount a medical

6  opinion where the physician opined the claimant "would be so impaired for only six months");

7  *Woeppel v. Colvin*, 2014 WL 868808, at *9 (W.D. Wash. Mar. 5, 2014) (finding an ALJ properly

8  discounted a physician's opinion because the physician "did not identify any impairment that

9  [was] . . . expected to last for at least 12 months").

10         Plaintiff argues "the ALJ failed to account for the period around Dr. Morgan's opinion,"

11  and "Dr. Morgan did not affirmatively state that Plaintiff's mental health concerns would resolve

12  in 6 months." Dkt. 14, p. 8; *see also* Dkt. 16, p. 3. But given that Dr. Morgan wrote the

13  "duration" of Plaintiff's impairments would be six months, the ALJ provided a reasonable

14  interpretation of the evidence when she found Dr. Morgan opined Plaintiff's limitations would

15  last for six months. *See* AR 711 (defining "duration" as "length of time the individual will be

16  impaired with available treatment"); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we

17  must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the

18  record"); *see also Allen*, 749 F.2d at 579 (citation omitted) ("If the evidence admits of more than

19  one rational interpretation," the Commissioner's decision must be upheld). Hence, Plaintiff's

20  argument is unpersuasive.

21         Although the ALJ provided other reasons to discount Dr. Morgan's opinion, the Court

22  need not assess whether these reasons were proper, any error would be harmless. *See Presley-*

23  *Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of*

24

1 *Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he

2 gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason

3 supported by the record" to discount the opinion). As the ALJ provided a proper reason to reject

4 Dr. Morgan's opinion, the undersigned recommends the Court affirm the ALJ's decision.

5 <u>CONCLUSION</u>

6 Based on the above stated reasons, the undersigned recommends this matter be affirmed

7 pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this Report and

8 Recommendation. The undersigned also recommends judgment be entered for Defendant and the

9 case be closed.

10 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

12 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

13 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

14 imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 5, 2019,

15 as noted in the caption.

16 Dated this 19th day of June, 2019.

17

18 David W. Christel

19 United States Magistrate Judge

20

21

22

23

24